IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RAFAEL URENA PAREDES, et al.,

        Plaintiffs,

vs.

CORPORATION CORRECTIONAL OF AMERICA, et al.,

        Defendants.

1: 05 CV 0 1 0 8 0 AWI WMW PC

ORDER SEVERING PLAINTIFFS' CLAIMS, AND DIRECTING CLERK OF COURT TO OPEN SEVEN NEW ACTIONS FOR PLAINTIFFS GALEANA-FLORES, LOPEZ, HERMOSILLO-TORRES, SERVIN-GOMEZ, VALENZUELA-VEGA, CARRILLO, AND MORALES

I.    Severance of Plaintiffs' Claims

      Plaintiffs Rafael Urena Paredes, Antonio Galeana-Flores, Jose A. Lopez, Juan Hermosillo-Torres, Placido Servin-Gomez, Jose Luis Valenzuela-Vega, Jose Asencion Godina Carrillo, and Richardo Gonzalez Morales are federal prisoners proceeding pro se in a civil rights action pursuant to Bivens vs. Six Unknown Agents, 403 U.S. 388 (1971). After reviewing the record in this action, the court has determined that each plaintiff should proceed separately on his own claims. Rule 21 of the Federal Rules of Civil Procedure provides that "parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just," and "any claim against a party may be severed and proceeded with separately." Courts have broad discretion regarding severance. See Davis v. Mason County, 927 F.2d 1473, 1479 (9th Cir. 1991).

      In the instant action, all eight plaintiffs are in the custody of the Corrections Corporation of

1

1 America at the California City Correctional Center. In this court's experience, an action brought by
2 multiple plaintiffs proceeding pro se in which one or more of the plaintiffs is incarcerated presents
3 procedural problems that cause delay and confusion. Delay often arises from the frequent transfer of
4 inmates to other facilities or institutions, the changes in address that occur when inmates are released
5 on parole, and the difficulties faced by inmates who attempt to communicate with each other and other
6 unincarcerated individuals. In this case, the need for the plaintiffs to agree on all filings made in this
7 action and the need for all filings to contain the original signatures of all eight plaintiffs will lead to
8 delay and confusion.

9 Accordingly, the court shall order plaintiffs' claims severed. Plaintiff Rafael Urena Paredes will
10 proceed in this action, while plaintiffs Galeana-Flores, Lopez, Hermosillo-Torres, Servin-Gomez,
11 Valenzuela-Vega, Carrillo, and Morales will proceed in separate civil actions to be opened by the Clerk
12 of the Court. Each plaintiff shall proceed separately and shall be solely responsible for his own action.

13 The Clerk of the Court will be directed to assign the new actions to the same district judge and
14 magistrate judge assigned to the instant action. The Clerk of the Court shall make appropriate
15 adjustment in the assignment of civil cases to compensate for this reassignment.

16 Since the claims of plaintiffs Galeana-Flores, Lopez, Hermosillo-Torres, Servin-Gomez,
17 Valenzuela-Vega, Carrillo, and Morales will be severed, each plaintiff shall be given thirty days to file,
18 in his own action, an amended complaint.

19 II.    <u>Plaintiffs' Applications to Proceed In Forma Pauperis</u>

20 Plaintiffs Paredes, Galeana-Flores, Lopez, Hermosillo-Torres, Servin-Gomez, and Valenzuela-
21 Vega have filed applications to proceed in forma pauperis correctly filled out and signed by a prison
22 official. In addition, the forms were accompanied by copies of plaintiffs' prison trust account statement
23 for the six month period immediately preceding the filing of the complaint.

24 Plaintiff Hermosillo-Torres has filed an application to proceed in forma pauperis and a copy of
25 his prison trust account statement; however, plaintiff Hermosillo-Torres failed to sign the application.

26 Plaintiffs Carrillo and Morales have not filed applications to proceed in forma pauperis or copies
27 of their prison trust account statements.

28 Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff Rafael Urena Parades shall proceed as the sole plaintiff in case number 1:05-CV-00813-AWI-WMW-P;

2. The claims of plaintiffs Galeana-Flores, Lopez, Hermosillo-Torres, Servin-Gomez, Valenzuela-Vega, Carrillo, and Morales are severed from the claims of plaintiff Rafael Urena Parades;

3. The Clerk of the Court is directed to:

   a. Open seven separate civil actions for plaintiffs Galeana-Flores, Lopez, Hermosillo-Torres, Servin-Gomez, Valenzuela-Vega, Carrillo, and Morales.

   b. Assign the new actions to the district judge and magistrate judge to whom the instant case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

   c. File and docket a copy of this order in the new actions opened for plaintiffs Galeana-Flores, Lopez, Hermosillo-Torres, Servin-Gomez, Valenzuela-Vega, Carrillo, and Morales;

   d. Place a copy of the complaint filed on June 20, 2005, in the instant action in the new actions opened for plaintiffs Galeana-Flores, Lopez, Hermosillo-Torres, Servin-Gomez, Valenzuela-Vega, Carrillo, and Morales;

   e. Send plaintiffs Galeana-Flores, Lopez, Hermosillo-Torres, Servin-Gomez, Valenzuela-Vega, Carrillo, and Morales each an endorsed copy of the complaint, filed June 20, 2005, bearing the case number assigned to his own individual action;

   f. Send plaintiffs Galeana-Flores, Lopez, Hermosillo-Torres, Servin-Gomez, Valenzuela-Vega, Carrillo, and Morales each an amended civil rights complaint form; and

   g. Send plaintiffs Hermosillo-Torres, Carrillo, and Morales each an application to proceed in forma pauperis by a prisoner;

4. Within **thirty (30) days** from the date of service of this order, plaintiffs Galeana-Flores, Lopez, Hermosillo-Torres, Servin-Gomez, Valenzuela-Vega, Carrillo, and Morales

1 shall each file an amended complaint bearing his new case number.

2 5. Within **thirty (30) days** from the date of service of this order plaintiffs Hermosillo-Torres, Carrillo, and Morales shall either pay the filing fee in full or submit a completed application to proceed in forma pauperis, along with a certified copy of his prison trust account statements, bearing his new case number; and

6. <u>The failure to comply with this order will result in a recommendation that the action be dismissed</u>.

IT IS SO ORDERED.

**Dated:   August 17, 2005**            **/s/  William M. Wunderlich**
j14hj0                                                  UNITED STATES MAGISTRATE JUDGE