IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICARDO MORALES,

        Plaintiff,                   CV F 05 1080 AWI WMW P

    vs.                            FINDINGS AND RECOMMENDATION

CORRECTIONAL CORP.
OF AMERICA, et al.,

        Defendants.

        Plaintiff is a former federal prisoner proceeding pro se.   On March 17, 2006, the court sent plaintiff an order dismissing the complaint and granting plaintiff leave to file an amended complaint.   On March 31, 2006,  the order served on plaintiff was returned by the U.S. Postal Service as undeliverable.

        Pursuant to Local Rule 83-183(b), a party appearing in propria persona is required to keep the court apprised of his or her current address at all times.   Local Rule 83-183(b) provides, in pertinent part:

> If mail directed to a plaintiff in propria persona by the Clerk is
> returned by the U.S. Postal Service, and if such plaintiff fails to
> notify the Court and opposing parties within sixty (60) days
> thereafter of a current address, the Court may dismiss the action

1    without prejudice for failure to prosecute.

2

3    In the instant case, sixty days have passed since plaintiff's mail was returned and he has not

4    notified the court of a current address.

5    In determining whether to dismiss an action for lack of prosecution, the court

6    must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2)

7    the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public

8    policy favoring disposition of cases on their merits; and (5) the availability of less drastic

9    sanctions.  Henderson v. Duncan, 779 F.2d 1421, 1423 (9th Cir. 1986); Carey v. King, 856 F.2d

10   1439 (9th Cir. 1988).  The court finds that the public's interest in expeditiously resolving this

11   litigation and the court's interest in managing the docket weigh in favor of dismissal.  The court

12   cannot hold this case in abeyance indefinitely based on plaintiff's failure to notify the court of

13   his address.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal,

14   since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an

15   action.  Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor -- public

16   policy favoring disposition of cases on their merits -- is greatly outweighed by the factors in

17   favor of dismissal discussed herein.  Finally, given the court's inability to communicate with

18   plaintiff based on plaintiff's failure to keep the court apprised of his current address, no lesser

19   sanction is feasible.

20   Accordingly, the court HEREBY RECOMMENDS that this action be dismissed

21   for plaintiff's failure to prosecute.

22   These findings and recommendations are submitted to the United States District

23   Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within

24   thirty days after being served with these findings and recommendations, plaintiff may file written

25   objections with the court.  Such a document should be captioned "Objections to Magistrate

26   Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections

2

1    within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>

2    <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

3    IT IS SO ORDERED.

4    **Dated:    May 31, 2006**                          <u>/s/  **William M. Wunderlich**</u>
     mmkd34                                          UNITED STATES MAGISTRATE JUDGE

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26